UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------
CLIFTON DACAS,

                Plaintiff,                      REPORT &
                                                                            RECOMMENDATION
   -against-                                    17-CV-3568 (EK) (SMG)

VINCENT DUHANEY, JEANETTE CLOUDEN
AKA JEANETTE DUHANEY, RUTLAND ROAD
MEAT AND FISH, 986 RUTLAND REALTY,
LLC, 144 HOLDINGS LLC, EPP MANAGEMENT
LLC, and JOHN DOES 1-10,

                Defendants.

----------------------------------------------------------------
GOLD, STEVEN M., U.S. Magistrate Judge:

### INTRODUCTION

Plaintiff Clifton Dacas brings this lawsuit under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), seeking unpaid wages, overtime, spread-of-hours pay, liquidated damages, statutory damages, and attorneys' fees. Compl., Dkt 1; Am. Compl., Dkt. 70. On November 6, 2019, Senior District Judge I. Leo Glasser entered an Order adopting my report and recommendations that the Court (1) deny plaintiff's motion for a default judgment, (2) grant defendants Rutland Realty's and EPP's cross-motions to vacate their defaults, (3) deny Rutland Realty's and EPP's motion for judgment on the pleadings, (4) grant plaintiff leave to amend the Complaint, and (5) allow plaintiff to recover reasonable attorneys' fees and costs that were incurred in connection with the motion for default judgment. Order dated Nov. 6, 2019, Dkt. 69; *see* Report and Recommendation, Dkt. 67. Judge Glasser then referred the matter of plaintiff's attorneys' fees and costs to me for report and recommendation in the event the parties

could not reach an agreement.  Dkt. 69.  The case has since been reassigned to District Judge Eric R. Komitee.

Following Judge Glasser's Order, the parties informed me that they were unable to reach an agreement as to the amount of fees and costs to be awarded to plaintiff.  Min. Entry dated Nov. 26, 2019.  Accordingly, plaintiff was granted leave to submit an application for attorneys' fees and costs he incurred when he moved for entry of a default judgment.

Plaintiff timely moved to recover these fees and costs.  After a careful review of the time records and the other materials submitted by the parties, I respectfully recommend that plaintiff's application be granted in part and denied in part and, for the reasons stated below, plaintiff be awarded $15,126 in attorneys' fees and $478.86 in costs.

### PLAINTIFF'S APPLICATION[1]

On December 20, 2019, plaintiff filed an application for $33,120.00 in attorneys' fees and $478.86 in costs.  Notice of Mot., Dkt. 79; Mem. of Law in Supp. of Pl.'s Mot. for Attorneys' Fees & Costs ("Pl.'s Mem. of Law") at 4, Dkt. 79-2.  In support of the application, plaintiff's counsel, Norris McLaughlin, P.A., has submitted a declaration and contemporaneous time records indicating that counsel devoted more than 90 hours to the motion for default judgment and that legal services were primarily rendered by (1) Mark L. Weyman, Esq., a member/partner with forty years of experience, at the rate of $625 per hour; (2) Sara Lewis, Esq., a former mid-level associate, at the rate of $250 to $265 per hour; and (3) Kimbrilee Weber, Esq., a current mid-level associate, at the rate of $275 per hour.  Time Records at 16, Ex. 1 to Declaration of Mark L. Weyman ("Weyman Decl."), Dkt. 79-1; Pl.'s Mem. of Law at 6.  The time records also indicate that some services were rendered by Janice Lustiger, Director of

---

[1] The procedural history of this litigation is set forth in my prior report and recommendation filed on October 15, 2019.  Dkt. 67.

2

Library Services, at the rate of $205 to $225 per hour, and Charles Locascio, a paralegal, at the rate of $210 to $225 per hour.  Time Records at 16.

Rutland Realty and EPP contend that plaintiff's counsel's claimed hourly rates are "excessive and out of line with the $300–$450 per hour range (for partners) accepted as appropriate in the Eastern District of New York" for FLSA and NYLL cases and that plaintiff's counsel's "lack of experience in wage and labor cases" warrant lower hourly billing rates.  Mem. of Law in Opp. to Pl.'s Application to Recover Attorneys' Fees & Costs ("Mem. of Law in Opp.") at 1, Dkt. 80.  Rutland Realty and EPP further counter that the time purportedly spent in connection with the motion for default judgment was "excessive" and that the "billing entries are vague and unreasonable for a straightforward default motion."  *Id.*

In reply, plaintiff's counsel asserts that Rutland Realty and EPP rely upon "older decisions not adjusted for the current years in question" and that "the rates applied in this matter are each attorney['s] *actual rate* at the time services were provided and are rates that *clients actually pay* to [the firm]."  Reply Mem. in Further Supp. of Pl.'s Mot. for Attorneys' Fees & Costs ("Pl.'s Reply Mem.") at 2, 3, Dkt. 83.  Moreover, plaintiff's counsel asserts that "the amount of time spent on this case is commensurate with [Rutland Realty's and EPP's] repeated willful failures to comply with Court Orders."  *Id.* at 5.  However, they concede that certain time entries were mistakenly included in their original application, and accordingly reduce the amount they seek by $1,900 for a total of $31,698.86 in attorneys' fees and costs.  *Id.* at 6.

### DISCUSSION

#### I.   Legal Standard

"The party seeking reimbursement of attorney[s'] fees bears the burden of proving the reasonableness and the necessity of the hours spent and rates charged."  *Fermin v. Las Delicias*

3

*Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 51 (E.D.N.Y. 2015); *see generally N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Well-established Second Circuit doctrine requires that a fee application be supported by "contemporaneous time records" that "specify, for each attorney, the date, the hours expended, and the nature of the work done." *Carey*, 711 F.2d at 1148. "Failure to do so results in denial of the motion for fees." *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992); *see also Scott v. City of New York*, 626 F.3d 130, 133–34 (2d Cir. 2010). District courts have broad discretion in determining the reasonableness of an attorney's requested fees. *See Chocolatl v. Rendezvous Cafe, Inc.*, 2019 WL 5694104, at *14 (E.D.N.Y. Aug. 16, 2019).

Courts awarding attorneys' fees calculate a "presumptively reasonable fee" by taking the product of the hours reasonably expended and a reasonable hourly rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008).[2] In addition, courts should take into account case-specific variables such as

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n.3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

---

[2] The "presumptively reasonable fee" is historically known as the "lodestar." *Arbor Hill*, 522 F.3d at 183.

4

## II. Reasonable Hourly Rates

A reasonable hourly rate reflects "what a reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184. This rate should be based on rates "prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998); *Cruz v. Local Union No. 3 of IBEW*, 34 F.3d 1148, 1159 (2d Cir. 1994) (both citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "Determination of the prevailing market rates may be based on evidence presented or a judge's own knowledge of hourly rates charged in the community." *Elvey v. Silver's Crust W. Indian Rest. & Grill, Inc.*, 2019 WL 3937126, at *14 (E.D.N.Y. July 3, 2019) (citing *Farbotko v. Clinton Cty. of N.Y.*, 433 F.3d 204, 209 (2d Cir. 2005)). "The 'community' is generally considered the district where the district court sits." *Id.* (citing *Lochren v. Cty. of Suffolk*, 344 F. App'x 706, 708 (2d Cir. 2009)).

In this wage and hour case, "the reasonable rate should reflect the rates awarded in FLSA cases in this district, not cases involving other fee-shifting statutes," because "the bar for different types of cases is almost entirely distinct, and while there is some overlap between the skillsets required under various fee-shifting statutes, the market conditions—the number of lawyers willing and able to undertake specific kinds of cases—between statutes can be very different." *Encalada v. Baybridge Enterprises Ltd.*, 2014 WL 4374495, at *1 (E.D.N.Y. Sept. 2, 2014), *aff'd*, 612 F. App'x 54 (2d Cir. 2015). Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for paralegals in FLSA cases. *See*, *e.g.*, *Rodriguez v. Yayo Rest. Corp.*, 2019 WL 4482032, at *8 (E.D.N.Y. Aug. 23, 2019), *report and recommendation adopted*, 2019 WL 4468054 (E.D.N.Y. Sept. 18, 2019); *Elvey*, 2019 WL

3937126, at *15; *Hernandez v. Delta Deli Mkt. Inc.*, 2019 WL 643735, at *10 (E.D.N.Y. Feb. 12, 2019); *Cohetero v. Stone & Tile, Inc.,* 2018 WL 565717, at *4 (E.D.N.Y. Jan. 25, 2018).

Here, although plaintiff's motion for default judgment involved multiple submissions due to Rutland Realty's and EPP's cross-motions to vacate the default, the nature of the work was relatively straightforward and no novel or complex issues were involved. *See Rosas v. Subsational*, 2012 WL 4891595, at *10 (E.D.N.Y. Sept. 11, 2012), *report and recommendation adopted sub nom. Rosas v. SBS 1310 Corp.*, 2012 WL 4866678 (E.D.N.Y. Oct. 15, 2012). There is also no indication that this action precluded counsel from taking on other employment or that the nature of the action imposed significant constraints on counsel. These factors suggest that "the reasonable hourly rate in this action should generally be within, and not at the top end of, the range of fees awarded in this district." *Cohetero*, 2018 WL 565717, at *4.

Mr. Weyman requests an hourly rate of $625. As set forth in plaintiff's fee application, Mr. Weyman has been admitted to practice law in New York since 1980 and is also admitted to practice before various federal courts. Weyman Decl. ¶ 14. Furthermore, Mr. Weyman has "extensive litigation experience," *id.*, and handles "a wide variety of complex civil matters and class actions including FLSA and employment matters." Pl.'s Reply Mem. at 4. While Mr. Weyman may handle a wide variety of complex matters, this case is not one of them. Moreover, plaintiff's fee application does not include any detailed information, such as how many FLSA cases Mr. Weyman has handled over the course of his career. Mr. Weyman's request of $625 per hour exceeds even the highest rates awarded in this district, which are typically "reserved for expert trial attorneys with extensive experience before the federal bar, who specialize in the practice of civil rights law and are recognized by their peers as leaders and experts in their field." *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 300 (E.D.N.Y. 2012); *see Bond v.*

*Welpak Corp.*, 2017 WL 4325819, at *5 (E.D.N.Y. Sept. 26, 2017). Finally, Mr. Weyman's reliance on the fees awarded in *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2019 WL 6875472 (E.D.N.Y. Dec. 16, 2019) is entirely misplaced, as it is not an analogous FLSA case but rather a complex multi-district antitrust action. Applying the cases cited above, I conclude and respectfully recommend that Mr. Weyman's fee be calculated at the rate of $400 per hour.

Next, Ms. Lewis, a former associate, requests an hourly rate of $250 to $265, and Ms. Weber, a current associate, requests an hourly rate of $275. As set forth in Mr. Weyman's declaration, Ms. Lewis is a 2013 law school graduate and is admitted to practice in the States of New York, New Jersey, Illinois, and Florida, as well as in the Northern, Southern, and Eastern Districts of New York. Weyman Decl. ¶ 16. Ms. Weber, a current associate, is a 2015 law school graduate and is admitted to practice in the States of New York and New Jersey, as well as in the United States District Court for the District of New Jersey and the Northern, Southern, and Eastern Districts of New York. *Id.* ¶ 17. Plaintiff's fee application does not indicate the types of cases these attorneys worked on at Norris McLaughlin, the law firm representing plaintiff, or their experience with FLSA cases. Additionally, although the fee application describes both Ms. Lewis and Ms. Weber as "mid-level" associates, Pl.'s Mem. of Law at 6,[3] it does not specify the year either was admitted to practice law in any of the jurisdictions listed above. The New York State Unified Court System attorney look-up system confirms that Ms. Lewis was admitted in 2014 and Ms. Weber was admitted in 2016 to the New York State Bar.

---

[3] Although plaintiff's memorandum of law clearly labels Ms. Lewis and Ms. Weber as mid-level associates, plaintiff's reply memorandum states that Ms. Lewis's and Ms. Weber's hourly rates "fall squarely within the range" for *senior* associates. Pl.'s Reply Mem. at 4.

The hourly rates sought with respect to Ms. Lewis and Ms. Weber are higher than those ordinarily awarded to mid-level associates. *See Hernandez*, 2019 WL 643735, at *10 (awarding an hourly rate of $150 to associates who graduated from law school in 2012 and did not specify their associate level within the firm); *Pimental v. Memories Pub Inc.*, 2018 WL 1973174, at *4 (E.D.N.Y. Feb. 20, 2018) (awarding an hourly rate of $225 to associates who have been litigating civil cases, including FLSA and NYLL claims, since June 2011 and December 2012), *report and recommendation adopted*, 2018 WL 1970742 (E.D.N.Y. Apr. 25, 2018); *Martinez v. Alimentos Saludables Corp.*, 2017 WL 5033650, at *27 (E.D.N.Y. Sept. 22, 2017) (awarding an hourly rate of $225 to associate with five years of experience). In light of Ms. Lewis's and Ms. Weber's several years of litigation experience and their failure to specify whether they have any substantial experience in FLSA matters, I respectfully recommend reducing Ms. Lewis's and Ms. Weber's hourly rate to $200—"the midpoint of the range of fees typically awarded for associates in this district." *Cohetero*, 2018 WL 565717, at *5 (awarding an hourly rate of $200 to associate who graduated from law school in 2014).

Finally, plaintiff's fee application requests fees for services by Janice Lustiger, Director of Library Services, at the hourly rate of $205 to $225, and Charles Locascio, a paralegal, at the hourly rate of $210 to $225. Time Records at 16. No further information was provided by plaintiff regarding these two individuals. Rutland Realty and EPP object to the $67.50 billed by Ms. Lustiger for conducting a Transunion search regarding Shea Sigal and the $202.50 billed by Mr. Locascio for property searches on ACRIS and other internet sites regarding Rutland Realty, EPP, and other management agencies and properties because "[s]uch investigation[s] ha[d] nothing to do with a motion for default judgment." Mem. of Law in Opp. at 10; *see* Time Records at 13. I conclude that these searches performed by non-attorney staff members for a

8

total of 1.2 hours were appropriate, given, as plaintiff points out, "the relationships and interconnectedness of the defendants and the need to clarify . . . Sigal's role in each of the entity defendants." Reply Declaration of Mark L. Weyman ("Weyman Reply Decl.") ¶ 3, Dkt. 84. However, their hourly rates are higher than the rates ordinarily awarded to paralegals and other support staff in FLSA cases. *See Burns v. Nurnberger Corp.*, 2018 WL 5927575, at *12 (E.D.N.Y. Sept. 17, 2018) (noting that paralegals and preadmission associates typically receive an hourly rate of $75 in this district for FLSA cases involving the default of the defendants), *report and recommendation adopted sub nom. Burns v. Kelly Enters. of Staten Island, LLC*, 2018 WL 5928106 (E.D.N.Y. Nov. 13, 2018); *Fermin*, 93 F. Supp. 3d at 52. Therefore, I respectfully recommend reducing the hourly rate to $75.

### III. Reasonable Numbers of Hours

The next step in awarding attorneys' fees is determining the reasonableness of the number of hours expended by counsel. In reviewing a fee application, the court should exclude "excessive, redundant, or otherwise unnecessary" hours. *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Each entry in counsel's time records should be examined "with a view to the value of the work product of the specific expenditures to the client's case." *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997). If the court finds "that some of the time was not reasonably necessary . . . it should reduce the time for which compensation is awarded accordingly." *Louis Vuitton Malletier, S.A. v. LY USA, Inc.*, 676 F.3d 83, 111 (2d Cir. 2012). A court may reduce the award requested by an appropriate across-the-board percentage if the time records submitted for review are inadequate. *See Garcia v. City of New York*, 2013 WL 5574507, at *6 (E.D.N.Y. Oct. 9, 2013).

Here, the contemporaneous time records show that Mr. Weyman billed 23.5 hours, Ms. Lewis billed 45.3 hours, and Ms. Weber billed 15.1 hours.[4]  As plaintiff asserts, Rutland Realty's and EPP's failure to appear in this case caused plaintiff not only to move for default judgment but also to respond to their cross-motions to vacate the default and to participate in several conferences involving these motions.  Pl.'s Mem. of Law at 6–7.  This procedural history warrants a greater fee award than is rendered in connection with a typical default judgment motion.

Rutland Realty and EPP also challenge the specificity of the billing invoices plaintiff has submitted to the Court.  The entries do contain some "block-billing," one example being an entry by Mr. Weyman entitled "Revise motion, review correspondence" accounting for .4 hours on November 28, 2018.  Time Sheet at 12.  As Rutland Realty and EPP point out, the correspondence is unidentified, and it is unclear how the .4 hours was divided between the two tasks.  Mr. Weyman, furthermore, made several entries in the ensuing days labeled simply, "review re motion."  In another entry on January 29, 2019, Ms. Lewis billed at her regular rate for her travel time, as well as for preparing for and attending a status conference.  *Id.* at 14.  In one longer entry on February 21, 2019, Ms. Weber billed 4.7 hours to, among other things, "[c]onfer with [Weyman about] status of case," "analyze procedural history of case," and "begin drafting reply brief."  *Id.* at 15.  In addition to being an example of block billing, this entry is of concern because the relatively straightforward issues involved here should not have required the sustained efforts of multiple attorneys.  Furthermore, there are some vague entries, such as those

---

[4] The hours billed by each attorney were determined by totaling the hours listed in the relevant entries in the time records submitted as Exhibit 1 to the Weyman Declaration.  In determining these totals, I have taken into account plaintiff's acknowledgement that certain entries were mistakenly included in its fee application.  Pl.'s Reply Mem. at 6; Mem. of Law in Opp. at 8, 10.  As such, I have subtracted 1.4 hours from Mr. Weyman's 24.9 billed hours and 4.1 hours from Ms. Lewis's 49.4 billed hours for the entries between March 6, 2018 through March 26, 2018 and the December 10, 2018 entry.

10

for time spent on document review, consultations, and phone calls, which do not contain further elaboration, *see*, *e.g.*, *id.* at 14, and there are multiple entries that overlap or otherwise suggest redundancy.

Block-billing and vague descriptions make it difficult to determine the reasonableness of the time spent on particular tasks and warrant a reduction in attorneys' fees. *See Linde v. Arab Bank, PLC*, 293 F.R.D. 138, 142–43 (E.D.N.Y. 2013). A percentage reduction is "a practical means of trimming fat from a fee application" and is a permissible way of reducing a fee award. *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (internal quotation marks and citations omitted). Here, to account for vague, duplicative, and excessive hours billed, it is appropriate to reduce the hours billed by the attorneys by an across-the-board percentage of 30%. *See*, *e.g.*, *Cabrera v. Schafer*, 2017 WL 9512409, at *14 (E.D.N.Y. Feb. 17, 2017) (reducing compensable time by 30% to account for numerous deficiencies), *report and recommendation adopted*, 2017 WL 1162183 (E.D.N.Y. Mar. 27, 2017); *Mahoney v. Amekk Corp.*, 2016 WL 6585810, at *21 (E.D.N.Y. Sept. 30, 2016) (reducing compensable time by 40% to account for counsel's vague and excessive billing), *report and recommendation adopted*, 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016).

For the reasons stated above, the reasonable fee is calculated as follows:

| Provider Type | Presumptive Maximum Rate | Requested Rates | Approved Rates | Requested Hours | Approved Hours | Lodestar |
|---|---|---|---|---|---|---|
| Paralegal/Staff | $70–$100 | $205–$225 | $75 | 1.2 | 1.2 | $90 |
| Associate | $100–$325 | $250–$275 | $200 | 60.4 | 42.28 | $8,456 |
| Member/Partner | $300–$450 | $625 | $400 | 23.5 | 16.45 | $6,580 |
| **TOTAL SUM** | | | | 90.6 | 63.42 | **$15,126.00** |

11

## IV.     Costs

A party awarded attorneys' fees is also entitled to compensation for "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (internal quotation marks and citations omitted).  Plaintiff requests costs of $84.92 for courier service, $49.46 for postage, and $344.48 for various searches, for a total amount of $478.86.  Time Records at 17.  I find this amount to be reasonable, and I respectfully recommend that plaintiff be awarded $478.86 in costs.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that plaintiff's application be granted in part and denied in part and that plaintiff be awarded $15,126.00 in attorneys' fees and $478.86 in costs.

Objections to the recommendations made in this Report must be submitted within fourteen days after filing of the Report and, in any event, no later than July 2, 2020.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Proc. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit).

                                                       /s/
                                     Steven M. Gold
                                     United States Magistrate Judge

Brooklyn, New York
June 18, 2020

U:\#JAV 2019-2020\Dacas v. Duhaney, 17-cv-3568\Attorneys' Fees\Final R&R.docx