IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLIFTON DACAS,<br><br>                              Plaintiff,<br><br>-against-<br><br>VINCENT DUHANEY, JEANETTE CLOUDEN AKA JEANETTE DUHANEY, RUTLAND ROAD MEAT AND FISH, 986 RUTLAND REALTY, LLC, 144 HOLDINGS LLC, EPP MANAGEMENT LLC, and JOHN DOES 1-10,<br><br>                              Defendants. | Case No. 1:17-cv-03568 (EK) (VMS)<br><br>**DATE OF SERVICE: August 29, 2022** |

**PLAINTIFF CLIFTON DACAS'S RULE 72 OBJECTIONS TO MAGISTRATE VERA M. SCANLON'S REPORT AND RECOMMENDATION DATED AUGUST 11, 2022**

Dated: August 29, 2022

NORRIS McLAUGHLIN, P.A.
Mark L. Weyman
Kimbrilee M. Weber
7 Times Square, 21st Floor
New York, New York 10036
(212) 808-0700
mweyman@norris-law.com
kmweber@norris-law.com
*Attorneys for Plaintiff*

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

THE ORDER ........................................................................................................................... 2

GROUNDS FOR OBJECTION ............................................................................................... 3

      A.     The Finding that No Reasonable Juror Could Find that Rutland Realty was Plaintiff's Joint Employer is Incorrect. .................................................................. 3

      B.     The Finding that No Reasonable Juror Could Find that EPP was Plaintiff's Joint Employer is Incorrect. ................................................................................... 7

      C.     The Finding that No Reasonable Juror Could Find Rutland Realty Liable under a Theory of Successor Liability was Incorrect. ........................................... 8

CONCLUSION ...................................................................................................................... 11

CERTIFICATION OF SERVICE .......................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

Alvarado v. GC Dealer Services Inc.,
   511 F. Supp. 3d 321 (E.D.N.Y. 2021) ...................................................................................5

Battino v. Cornelia Street Fifth Ave., LLC,
   No. 09-cv-4113 (JPO) (MHD), 861 F. Supp.2d 392 (S.D.N.Y. 2012) .....................................9

Carter v. Dutchess Community College,
   735 F.2d 8 (2d Cir. 1984)...............................................................................................3, 4, 5, 8

Chen v. DG & S NY, Inc.,
   406 F. Supp. 3d 216 (E.D.N.Y. 2016) ...................................................................................3

Fermin v. Las Delicias Peruanas Restaurant, Inc.,
   93 F. Supp. 3d 19 (E.D.N.Y. 2015) .......................................................................................5

Herman v. RSR Sec. Servs., Ltd.,
   172 F.3d 132 (2d Cir. 1999)....................................................................................................5

Patino v. Brady Parking, Inc.,
   No. 11-cv-3080 (DF), 2017 WL 5198192 (S.D.N.Y. Oct. 31, 2017) .......................................9

Zheng v. Liberty Apparel Co.,
   355 F.3d 61 (2d Cir. 2003).................................................................................................4, 5

### FEDERAL STATUTES

Fair Labor Standards Act ...............................................................................................1, 2, 3, 8

### STATUTES

New York's Labor Laws...........................................................................................................1, 8

### RULES

Federal Rule of Civil Procedure 72 .............................................................................................1

Pursuant to Federal Rule of Civil Procedure 72, plaintiff, Clifton Dacas ("Plaintiff"), respectfully submits these objections to Magistrate Judge Vera M. Scanlon's Report and Recommendation dated August 11, 2022 (the "Report"), which is annexed hereto as Exhibit A.

Plaintiff objects to the following findings in the Report:

- The Court's finding that no reasonable jury could find that 986 Rutland Realty, LLC ("Rutland Realty") was Plaintiff's joint employer because a jury could not conclude that Rutland Realty formally or functionally controlled Plaintiff's employment;

- The Court's finding that no reasonable jury could find that EPP Management LLC ("EPP" and together with Rutland Realty, "Moving Defendants" or "Defendants") was Plaintiff's joint employer because a jury could not conclude that EPP formally or functionally controlled Plaintiff's employment;

- The Court's finding that Rutland Realty could not be liable under a theory of successor liability.

## PRELIMINARY STATEMENT

Plaintiff's claims concern violations of the Fair Labor Standards Act ("FLSA") and New York's Labor Laws ("NYLL") which occurred during Plaintiff's April 2003 through December 2016 employment as a superintendent/porter and general laborer/grocery clerk at residential and commercial real estate properties in Brooklyn, New York. These properties were at one point owned directly or indirectly by Jeanette Clouden aka Jeanette Duhaney or Vincent Duhaney, and one of the properties (986 Rutland Road) was later transferred to Rutland Realty. Notwithstanding the transfers, during Plaintiff's more than thirteen-year employment, he performed the same job functions at the properties and dealt with and reported to the same people, throughout changes in ownership. It is undisputed that owners and managers of the buildings received the benefits of

Plaintiff's labor for the approximately thirteen years that he worked at the buildings in question. Here, in recommending that summary judgment be granted in favor of Defendants, the Report fails to account for the practical realities of Plaintiff's situation as an uneducated worker being mistreated while continuing to work in the same buildings, performing the same functions as ownership of the buildings changed during his employment and how those facts apply to the standards applicable to Plaintiff's claims. Accordingly, Plaintiff respectfully submits this objection and requests that this Court depart from the Report and Recommendation and deny summary judgment for the reasons set forth below.

## **THE ORDER**

In its Report, the Magistrate Judge recommended finding as follows:

- No reasonable jury could conclude that Rutland Realty formally or functionally controlled Plaintiff's employment and therefore Rutland Realty was not a joint employer;

- No reasonable jury could conclude that EPP formally or functionally controlled Plaintiff's employment and therefore EPP was not a joint employer;

- No reasonable jury could find either Rutland Realty or EPP liable under a theory of successor liability.

See Ex. A, at 53-54, 56. Thus, the Magistrate Judge "recommended that the District Court find that a reasonable jury could not conclude that Rutland Realty and EPP jointly employed Plaintiff such that either or both could be held liable for Plaintiff's FLSA and NYCC wage-and-hour claims." Id. In addition, the Magistrate Judge recommended that the District Court find that a reasonable jury could not conclude that either Mr. Duhaney or Ms. Clouden directed Plaintiff's employment at any of the buildings in question as part of a larger single integrated enterprise. Id. Finally, the Magistrate Judge recommended that the District Court find that no reasonable jury

could conclude that Rutland Realty is liable for Plaintiff's wage-and-hour claims under a theory of successor liability. Id. As a result, the Report ultimately recommended that this Court enter summary judgment in favor of the moving defendants, 986 Rutland Realty, LLC and EPP Management LLC. All of these conclusions ignore the essential question as to why Plaintiff worked and was permitted to work by Defendants in each of these buildings for all of these years.

## GROUNDS FOR OBJECTION

**A. The Finding that No Reasonable Juror Could Find that Rutland Realty was Plaintiff's Joint Employer is Incorrect.**

The Magistrate Judge's finding that no reasonable juror could find Rutland Realty liable as a joint employer was incorrect because Rutland Realty had control over Plaintiff and Plaintiff performed the same job functions during the time Rutland Realty owned the 986 Rutland Road property as he had been performing for years. Rutland Realty acted in an employer capacity from the time it acquired the 986 Rutland Road property in 2007.[1]

A determination as to whether an entity is an "employer" under the FLSA considers the "economic reality" of the worker and employer relationship. Chen v. DG & S NY, Inc., 406 F. Supp. 3d 216, 221 (E.D.N.Y. 2016) (quotation omitted). This test is focused on the degree of authority exercised over the employee. Id. The considerations must evaluate the totality of the circumstances on an individualized basis, with the crux of the analysis being the degree of control. The Carter test for determining formal control evaluates whether the alleged employer "(1) had

---

[1] Shea Sigal purchased Rutland Realty, the owner of 986 Rutland Road, in 2017, fourteen years after Plaintiff began working there (and after Mr. Dacas's employment had ended). Mr. Sigal does not allege that he has knowledge of what the entity knew and did during the years 2003 to 2017 prior to his acquisition. That lack of knowledge, however, has no bearing on the liability of the entity which remained unchanged despite the change of ownership. Defendants, who have the burden of proof on this motion, have not come forward with any evidence to establish that the entity did not have formal or functional control over Mr. Dacas's employment for the years prior to Mr. Sigal's acquisition.

3

the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Zheng v. Liberty Apparel Co., 355 F.3d 61, 67 (quoting Carter v. Dutchess Community College, 735 F.2d 8, 12 (2d Cir. 1984)).  As set forth more fully in Plaintiff's moving papers, the Carter factors relevant to a determination of formal control weigh in Plaintiff's favor. As set forth more fully above, Rutland Realty's premises were used.  In addition to his work in the market, in his capacity as a superintendent/porter at 986 Rutland Road, as well as the other buildings, Plaintiff completed overall maintenance duties such as maintenance and repairs, preparing units for new tenants, completing emergency maintenance, completing ground work such as garbage pick up, sweeping, conducting light landscaping and coordinating special projects as directed.  See Declaration of Clifton Dacas submitted in opposition to Defendants' Motion for Summary Judgment ("Dacas Decl.") (ECF No. 131-2), ¶¶ 5, 6.  All of the aforementioned duties and job functions were integral to Defendants' process.  During the time of Plaintiff's employment, he also worked exclusively for Defendants and/or those acting or purporting to act on their behalf, including, but not limited to, the Duhaneys.

In addition, Plaintiff's showing of functional control under the Zheng factors was not limited as the Magistrate Judge suggests.  The consideration of functional control looks to an analysis of relevant factors set forth in the Zheng case.  Zheng v. Liberty Apparel Co., 355 F.3d 61 (2d Cir. 2003).  The Zheng factors include "(1) whether the putative employer's premises and equipment were used for the plaintiff's work, (2) whether the entities or individuals that contracted work from the putative employer had a business that shifted from one putative joint employer to another, (3) the extent to which a plaintiff performed a discrete line-job that was integral to the putative joint employer's process of production, (4) whether responsibility under the contracts

4

could pass from one subcontractor to another without material changes, (5) the degree to which the putative joint employer or its agents supervised the plaintiff's work, and (6) whether the plaintiff worked exclusively or predominantly for the putative joint employer." Report, at 21 (quoting Zheng, 355 F.3d at 72). The Carter and Zheng factors are not intended to be an exhaustive list and are instead flexible considerations.

Using the factors as a guideline, it is clear that a reasonable jury could find an employer relationship based on the facts weighing in Plaintiff's favor in the record. The record is clear that 986 Rutland was the owner of the 986 Rutland Road property beginning in 2007 and continuing beyond the commencement of this litigation. Prior to 2007, Jeanette Clouden (aka Jeanette Duhaney) owned the building in her personal name. Weyman Decl., Ex. B.[2] This district has recently emphasized that it is not essential that an individual "employer" be responsible for managing the "employees" **or have even directly come into contact with the plaintiffs, their workplaces, or their schedules**[.]" Alvarado v. GC Dealer Services Inc., 511 F. Supp. 3d 321, 355 (E.D.N.Y. 2021) (emphasis added). "[E]vidence showing an individual's authority over management, supervision, and oversight of a company's affairs in general is relevant to the totality of the circumstances in determining the individual's operational control of the company's employment of the plaintiff employees." Id. at 355 (quotation omitted). In addition, control "does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees." Fermin v. Las Delicias Peruanas Restaurant, Inc., 93 F. Supp. 3d 19, 35 (E.D.N.Y. 2015) (citing Herman v. RSR Sec. Servs., Ltd., 172 F.3d 132,

---

[2] Citations to the Weyman Declaration are citations to the Declaration and Exhibits submitted by Plaintiff in opposition to the Moving Defendants' motion for summary judgment, which are incorporated by reference. See ECF No. 131-3 through 131-10.

5

139 (2d Cir. 1999)). Thus, Rutland Realty, as both an occupant and owner of that property, had authority over management, supervision and oversight.

Again, the critical question ignored by the Report is why Mr. Dacas continued to work throughout the building (not merely in the storefront market) from 2003 to 2016 and was never fired by Defendants. Therefore, Plaintiff objects to the Magistrate Judge's finding that a failure to fire could not be found by a reasonable juror to establish control and/or a power to hire and fire. See Opp'n at 32-33. Said differently, why did Defendants permit Plaintiff to work in these buildings for all of these years? The Magistrate's commentary that this is indicative of a landlord acting as landlord, however unlikely, is pure speculation and not a proper factual finding. To the contrary, it would be reasonable and entirely appropriate for a juror to find otherwise. Plaintiff was not acting as a tenant. Rather, he was working for defendant-landlord. Accordingly, Plaintiff is entitled to a trial on this issue as reasonable minds could differ. Certainly, Plaintiff understood that he was still employed there and worked there through 2016. Why was he working there if he was not employed?

As to Plaintiff's employment records, the Magistrate Judge did not address the issue of the fact that Defendants' violations of law cannot be used as both a sword and a shield. Rutland Realty's contention that it has no payroll records (as it reiterated in its discovery responses) has no impact on Plaintiff's claim here, particularly where Plaintiff was paid illegally in cash and free lodging. See Rutland Realty Response to RPD Nos. 22, 26-29; see also Dacas Decl., ¶¶ 9, 14.

Indeed, part of Plaintiff's claim [See Am. Compl., at Fourth Cause of Action] is based on Defendants' failure to provide records required by law. The Court's notation about the lack of proof of the 326 East 94th Street property's ownership, even if accepted, does not automatically mean that free lodging could not have been provided by Rutland Realty as part of Plaintiff's

6

compensation. To the contrary, a reasonable jury could conclude that based upon the degree of Rutland Realty's control over the properties and the interconnectedness of the oversight and similarity of tasks performed at the locations that the free lodging provided to Plaintiff at the 326 East 94th Street location was provided in whole or in part on behalf of Rutland Realty. And, even if it was not, this would not change the facts concerning his work at the other buildings.

Instead, the economic reality of the situation is that although Plaintiff interacted directly with one or two individuals, throughout the time of his employment he acted on behalf of Rutland Realty as a joint employer. The Magistrate Judge's finding in the Report that it "cannot be concluded that Rutland Realty's Building One premises was necessary for all of Plaintiff's work" (p. 38) misses the point. First, it is clear that Plaintiff did indeed work at "Building One" which indisputably was owned by Rutland Realty. Further, a reasonable factfinder could find at trial that because Plaintiff was performing the same job functions and reporting to the same individuals and that the principal of Rutland Realty also owned Y&S E96 Holdings LLC and worked for EPP, which managed one of the buildings (and may have had other connections) is more than sufficient to create a triable issue as to its responsibility.³ For all of these reasons, the Court should depart from the Report and Recommendation with respect to the findings as to Rutland Realty and deny summary judgment to Defendants.

    **B.    The Finding that No Reasonable Juror Could Find that EPP was Plaintiff's Joint Employer is Incorrect.**

For many of the same reasons that the Magistrate Judge's finding as to Rutland Realty was incorrect, the findings as to EPP also are incorrect. Jeanette Clouden and Jeanette Muir were the owners of the 149 East 96th Street property from October 2006 until its sale in 2015 to Y&S E96

---

³ Indeed, it its damages award a jury could assess responsibility for some but not all of the buildings in issue.

7

Holdings LLC, an entity owned by Shea Sigal, also Rutland Realty's owner. During this time, EPP was the Managing Agent for the same property. See Weyman Decl., Ex. E. Throughout Plaintiff's employment, this property remained under that same common ownership and control. In addition, Plaintiff continued to perform his same job functions and duties at this location during this time. Indeed, until the end of Plaintiff's employment tenure, Plaintiff continued to work at Building Two (14 East 96th Street), was never fired, and performed his same job duties. Nor should it be lost on the Court that both EPP and Rutland Realty had common management and/or employees, including Mr. Sigal. Thus, Mr. Sigal owned at least two of the buildings where Plaintiff worked and EPP, where Sigal was employed, managed at least one of them. A reasonable jury could easily find that through Sigal or otherwise, both entities knew of Plaintiff's work and clearly allowed him to continue, or they would have fired him (which they did not do). Per Plaintiff's own statements, this common management and those individuals he dealt with had the power to hire and fire him, which is the first Carter factor. Carter, 735 F.2d at 12. As a result, the Court should depart from the Report and Recommendation as to EPP because there is sufficient evidence in the record for a reasonable factfinder to find that EPP was Plaintiff's employer under the relevant analyses as well.

### C. The Finding that No Reasonable Juror Could Find Rutland Realty Liable under a Theory of Successor Liability was Incorrect.

The Magistrate Judge also erred in finding that there was no genuine issue of fact as to whether a reasonable juror could find Rutland Realty liable under a theory of successor liability for violations of the FLSA and NYLL that occurred during 2003 and 2007. Although the Court alludes to statute of limitations issues, the Moving Defendants never raised such issues in their motion for summary judgment and therefore, Plaintiff did not respond to them in opposition. Under either successor liability test, the traditional test or the substantial continuity test, the record

contains facts sufficient to find that a reasonable juror could find that the Moving Defendants were liable under a theory of successor liability because, among other things, the entities continued to operate in the same manner both before and after the transfers and Plaintiff continued to operate the same way, was treated the same, and completed the same work.

In addition, and as set forth more fully in Plaintiff's opposition papers, "[c]ourts have held that the 'de facto merger' and 'mere continuation' exceptions [to the traditional test] are 'so similar that they may be considered a single exception.'" Patino v. Brady Parking, Inc., No. 11-cv-3080 (DF), 2017 WL 5198192, at *9 (S.D.N.Y. Oct. 31, 2017) (citing Battino v. Cornelia Street Fifth Ave., LLC, No. 09-cv-4113 (JPO) (MHD), 861 F. Supp.2d 392, 401 (S.D.N.Y. 2012)).

Rutland Realty acquired the 986 Rutland Road property on November 30, 2007 from Jeanette Clouden (99% owner) and Claudine Muir (1% owner). See Weyman Decl., Ex. B. At the time of the conveyance, Stephen Gillings was the representative of 986 Rutland Realty LLC who engaged in the transaction on the entity's behalf. Id. Ten years later, in January 2017, after Plaintiff's employment concluded, Gillings assigned his 100% interest in 986 Rutland Realty LLC to Sigal for $10.00 "and other good and valuable consideration". Id. at Ex. C. 986 Rutland Realty LLC held the 986 Rutland Road property until July 26, 2018, when the property was transferred to Nachlas Rutland LLC.[4] Id. at Ex. D. During the entire time that 986 Rutland Realty LLC was represented by Stephen Gillings, from November 30, 2007 through the end of Plaintiff's employment in December 2016, Plaintiff continued to perform his same duties at the Properties including, but not limited to 986 Rutland Road. Dacas Decl., at ¶¶ 15, 19. Even after the property

---

[4] There may also be a basis to find Nachlas Rutland LLC, another of Mr. Sigal's entities, liable under a theory of successor liability based upon the 2018 transfer of the 986 Rutland Road property from 986 Rutland Realty LLC to Nachlas Rutland LLC during the pendency of this litigation. Weyman Decl., Ex. D (July 26, 2018 transfer of 986 Rutland Road from 986 Rutland Realty LLC to Nachlas Rutland LLC).

9

transfer to Rutland Realty, the Defendants acted as if a de facto merger had occurred. Rutland Realty continued to operate the business and the property in the same way, which furthers Plaintiff's position that they were simply continuing on the business as had been started years ago. Indeed, Plaintiff continued to interact with the same individuals, complete the same job duties, do the same work, and was treated the same during this time. Dacas Decl., ¶¶ 15, 19-22. Similarly, under the substantial continuity test, Rutland Realty continued to operate out of this location in the same way after its purchase. Id. Following this transition, there were no changes to Plaintiff's working situation or conditions. Id. Further, Plaintiff testified that he continued to deal with the same individuals at this property and in connection with his job duties—individuals who the record establishes had connections to Rutland Realty, which also weighs in favor of finding substantial continuity. Id.

Accordingly, a reasonable juror could find successor liability against Rutland Realty pursuant to the traditional test and particularly the de facto merger or continuation exceptions. Thus, the Court should decline to follow the Report and Recommendation and deny summary judgment on this issue as well.

**CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that this Court depart from the Report and Recommendations and deny the motion for summary judgment by 986 Rutland Realty and EPP Management.

Dated: New York, New York
       August 29, 2022

NORRIS McLAUGHLIN, P.A.
By: */s/ Mark L. Weyman*
Mark L. Weyman, Esq.
Kimbrilee M. Weber, Esq.
7 Times Square, 21st Floor
New York, New York 10036
Email: mweyman@norris-law.com
Email: kmweber@norris-law.com
Tel: (212) 808-0700
*Attorneys for Plaintiff*

## CERTIFICATION OF SERVICE

I hereby certify that on August 29, 2022, I caused the foregoing document to be filed electronically, which caused the document to be served by electronic mail on the parties who have appeared in the above-captioned matter through the Court's electronic filing system including the following:

Lloyd M. Eisenberg, Esq.
Ruya Carton, Esq.
EISENBERG & CARTON
405 RXR Plaza
Uniondale, New York 11556
*Attorneys for Defendants, 986 Rutland Realty LLC and EPP Management LLC*
leisenberg@eisenbergcarton.com
rcarton@eisenbergcarton.com


By:   /s/ Mark L. Weyman
         Mark L. Weyman