```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
```

CLIFTON DACAS,

                      Plaintiff,　　　　　　**MEMORANDUM & ORDER**
                                        17-CV-3568(EK)(VMS)

              -against-

VINCENT DUHANEY, JEANETTE CLOUDEN
a/k/a JEANETTE DUHANEY, RUTLAND ROAD
MEAT AND FISH, et al.,

                    Defendants.

```
-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

      Plaintiff Clifton Dacas alleges that he is owed unpaid wages and overtime pay for various violations of the Fair Labor Standards Act ("FLSA") and New York labor law. Am. Compl., ECF No. 70. Two defendants — 986 Rutland Realty, LLC ("Rutland Realty") and EPP Management, LLC ("EPP Management") — now move for summary judgment on the basis that, with discovery having closed, Plaintiff cannot point to evidence sufficient to establish that they ever functioned as his "employer" within the meaning of 29 U.S.C. § 203(d) or New York Labor Law § 190(3). Defs.' Mem. in Supp. of Mot. for Summ. J. 4-6, ECF No. 130-2.[1] I referred their joint motion to Magistrate Judge Vera Scanlon for

---

[1] Page numbers in citations to record documents other than deposition transcripts refer to ECF pagination.

report and recommendation ("R&R").  Docket Order dated April 9, 2022.

In an R&R dated August 11, 2022, Judge Scanlon recommended that I grant the motion.  R&R, ECF No. 134.  Plaintiff filed timely objections.  Pl.'s Objections, ECF No. 136 ("Obj.").  Having reviewed the very comprehensive R&R, Plaintiff's objections, and the fuller record, I adopt the recommendation in its entirety and grant the instant motions for summary judgment.  In short, the R&R compellingly establishes that Plaintiff adduced insufficient evidence for a reasonable jury to find that either Rutland Realty or EPP Management employed him.

In adopting the R&R, I note one confounding aspect of this case.  Dacas contends that he worked as the superintendent and as a porter in the residential portion of what the parties call Building One — one of five properties Dacas claims to have served — for more than *nine years* while that property was owned by defendant Rutland Realty.  Pl.'s Mem. in Opp. 13-14, ECF No. 131-1.  At the same time, the record indicates that Dacas had never heard of that entity and that no one at that entity, apparently, had heard of him.  *See* Defs.' Ex. F, Tr. of Deposition of Clifton Dacas 37:12-14, ECF No. 130-11; Decl. of

Shea Sigal ¶ 3, ECF No. 120-3.[2] Dacas says he began serving as superintendent and porter prior to Rutland Realty's 2007 acquisition of Building One, and he simply continued without change after the acquisition. *See* Decl. of Clifton Dacas ¶¶ 3, 15, ECF No. 131-2 ("Dacas Decl."); Pl.'s Mem. in Opp. 13-14. In his opposition briefing and supporting declaration, Dacas does not say who paid him during this time – only that he "was paid $220 in cash per week," both before and after the Rutland Realty acquisition, for his duties in Building One *and* the other four buildings and businesses he allegedly served (which Rutland Realty and EPP Management did not own). Dacas Decl. ¶ 9; *see also id*. ¶ 15; Pl.'s Mem. in Opp. 13-14.

It is certainly possible that through this kind of inertia, the situation can arise in which a plaintiff is employed (and illegally underpaid) by an employer whom he does not know and who does not know him. But this is not that case, because Dacas has adduced insufficient evidence that he actually worked in the residential part of Building One. As the R&R persuasively articulates, Dacas groups the buildings together in

---

[2] Dacas did testify that he met someone named "Shane" in 2017, which the parties agree was a reference to Shea Sigal, Rutland Realty's principal and one of three members of the LLC as of 2017. *See* Dacas Dep. Tr. 36:11-14, 37:19-23; Defs.' 56.1 Statement of Undisputed Material Facts ¶ 4, ECF No. 130-1; Pl.'s Response to Defs.' 56.1 Statement ¶ 4, ECF No. 131; Tr. of Dep. of Shea Sigal 31:1-12, ECF No. 131-9. This meeting occurred prior to Rutland Realty consummating the purchase of Building One, *see* Pl.'s Response to Defs.' 56.1 Statement ¶ 4, and Dacas has not suggested that Mr. Sigal ever supervised him or paid him.

his pleadings; he does not isolate his work responsibilities at Building One.  R&R 5-7, 37-38; Dacas Decl. ¶ 5.[3]

Dacas claims to have worked "seven days a week, for at least 16 hours per day, and often more," *id.* ¶ 8, but he does not specify how many of those hours he worked as a superintendent and porter in Building One, as distinct from his work in the other four residential buildings at issue in this case or the grocery store (Rutland Road Meat and Fish) that leased commercial space in the first floor of Building One.  R&R 7.  At his deposition, Dacas acknowledged that he took instruction only from the owners of Rutland Road Meat and Fish (Vincent Duhaney and Jeanette Clouden) during the time period in question.  Dacas Dep. Tr. 38:20-39:21 (Dacas is asked: "did anybody other than Vincent Duhaney or Jeanette Clouden give you assignments, give you work, tell you what to do?"; he responds: No sir.  No, sir.").[4]  In the end, it simply defies common sense

---

[3] Dacas's declaration describes his work for the residential buildings collectively: "As a superintendent/porter, my duties consisted of the following: overall maintenance *of the buildings* and all areas related to the day-to-day maintenance operations of the communal spaces; repairing and treating structures such as showers, sinks, appliances, doors/cabinets, walls and building exteriors; preparing units for new move ins; 24 hour emergency maintenance; scheduling and completing preventative maintenance programs; completing ground work such as garbage pick-ups; sweeping and light landscaping; and coordinating special projects as directed."  Dacas Decl. ¶ 5 (emphasis added).

[4] Defendant Clouden (and nonparty Claudine Muir) sold Building One to Rutland Realty in 2007 when nonparty Stephen Gillings was its sole member.  R&R 8; Pl.'s Ex. B, at 4, ECF No. 131-5.  Dacas testified that he worked for Clouden and defendant Duhaney at Rutland Road Meat and Fish from 2003 to 2016.  Dacas Dep. Tr. 39:2-16.

that Dacas could have performed all of the tasks he described (see note 3, *supra*) without encountering a supervisor. To maintain "structures such as showers, sinks, appliances, doors/cabinets, walls" and the like, for example, Dacas would have needed to purchase some supplies. His inability to say who provided funds for these supplies (or who reimbursed him) undermines his contention that the two defendants at issue employed him.

For these reasons, and those set out in the R&R, I grant defendants Rutland Realty's and EPP Management's motion for summary judgment. The Clerk of Court is respectfully directed to enter judgment in favor of those two defendants and dismiss them from the case. Now that the litigation has concluded as to the appearing defendants, Plaintiff may renew his default judgment motion against non-appearing defendants Rutland Road Meat and Fish and 144 Holdings LLC (*see* ECF No. 94) by October 27, 2022. If Plaintiff does renew that motion, it

too shall be referred for report and recommendation to the Honorable Vera Scanlon.

SO ORDERED.

      /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    September 27, 2022
           Brooklyn, New York