```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
```

CLIFTON DACAS,

                Plaintiff,         **MEMORANDUM & ORDER**
                                                     17-CV-3568(EK)(VMS)

      -against-

VINCENT DUHANEY, JEANETTE CLOUDEN
a/k/a JEANETTE DUHANEY, RUTLAND ROAD
MEAT AND FISH, et al.

                Defendants.

```
-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        The Court has received Magistrate Judge Vera Scanlon's Report and Recommendation ("R&R") dated September 8, 2023. ECF No. 144. Judge Scanlon recommends that I deny Plaintiff Clifton Dacas's motion for default judgment against Defendants Rutland Road Meat and Fish ("RRMF") and 144 Holdings LLC ("144 Holdings") on claims brought pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Specifically, she recommends that I: (1) deny default judgment as to both RRMF and 144 Holdings because Dacas failed to comply with Local Civil Rule 55.2(c); (2) deny default judgment for Dacas's FLSA claims that accrued prior to June 13, 2014, because they are barred by the statute of limitations; (3) deny default judgment as to RRMF because Dacas failed to allege sufficient

facts to establish that RRMF is liable for alleged FLSA violations that occurred after RRMF dissolved in 2012; and (4) deny default judgment as to 144 Holdings because Dacas failed to allege sufficient facts to establish that 144 Holdings is liable under FLSA.[1]

Judge Scanlon further recommends that I enter an order directing Dacas to show cause as to why: (1) the Court should not dismiss the federal claims against RRMF and 144 Holdings, for failure to allege claims upon which relief may be granted; (2) the Court should not dismiss the federal claims against Defendants Jeanette Clouden and Vincent Duhaney, for failure to timely serve them; (3) the Court should not decline to exercise supplemental jurisdiction over the remaining state law claims, should the federal claims be dismissed; and (4) if the Court were to retain jurisdiction over the state claims, Dacas would have standing to bring his wage-statement-and-notice claims in federal court.

No party has filed objections, and the time to do so has expired. Accordingly, the Court reviews Judge Scanlon's recommendation for clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983

---

[1] Judge Scanlon did not make any recommendation as to the substance of the NYLL claims, but recommended that the motion as to those claims be denied as premature in light of the possible dismissal of the federal claims.

addition; *accord State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 481 (E.D.N.Y. 2013).

Having reviewed the record, I find no clear error and therefore adopt the R&R in its entirety. Dacas's motion for default judgment is denied. Dacas is ordered to show cause, by October 18, 2023, as to why: (1) the Court should not dismiss the federal claims against RRMF and 144 Holdings, for failure to allege claims upon which relief may be granted; (2) the Court should not dismiss the federal claims against Defendants Jeanette Clouden and Vincent Duhaney, for failure to timely serve them; (3) the Court should not decline to exercise supplemental jurisdiction over the remaining state law claims, should the federal claims be dismissed; and (4) if the Court were to retain jurisdiction over the state claims, Dacas would have standing to bring his wage-statement-and-notice claims in federal court.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    September 27, 2023
          Brooklyn, New York